**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HARVEY HOLLAND, | |
| Petitioner | CIVIL ACTION NO. 3:25-CV-00718 |
| v. | (MEHALCHICK, J.) |
| WARDEN, USP CANAAN, | |
| Respondent. | |

**MEMORANDUM**

Harvey Holland, presently incarcerated at FCI Allenwood, has filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, seeking to challenge his presentence report ("PSR") and his custody classification within the Bureau of Prisons ("BOP"). (Doc. 1). Because he is not entitled to seek the requested relief under Section 2241, the Court will dismiss the petition.

## I.  BACKGROUND AND PROCEDURAL HISTORY

In 2002, Holland received two sentences of life imprisonment on convictions related to the distribution of 50 grams or more of crack cocaine, which were later reduced to an aggregate sentence of 80 years. *See* (Doc. 8-3); *United States v. Holland*, No. 1:01-cr-00195-JKM (M.D. Pa.). Holland has filed numerous motions challenging his sentence, including two motions to vacate the judgment pursuant to 28 U.S.C. § 2255 (No. 1:01-cr-00195-JKM, Docs. 295, 476); two motions for relief pursuant to Federal Rule of Civil Procedure 60(b) (*Id.*, Docs. 399, 451); and four motions seeking reduction of his sentence on other grounds. (*Id.*, Docs. 408, 411, 445, 526).

In this petition and accompanying brief, received on April 23, 2025, Holland asserts that he improperly received a murder enhancement to his sentence based on unsupported facts in his PSR. He contends that because of the BOP's consideration of the PSR, he is

restricted from certain kinds of rehabilitative programming and has received a heightened custody classification. He requests that the Court "correct all inaccurate information[] in the PSR which conflicts with the trial transcripts" and order that he be "resentenced on sworn testimonies of the trial transcripts."

## II.    DISCUSSION

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005). "In order to challenge the execution of his sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012). A petitioner's challenge to his conviction or sentence must be raised in the sentencing court under 28 U.S.C. § 2255, unless that section "appears . . . inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(a),(e). Section 2255 is inadequate or ineffective only if "some limitation of scope or procedure" would deny the petitioner "a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

By these standards, Holland is clearly not entitled to request resentencing under Section 2241.[1] However, there is some ambiguity as to the appropriate mechanism, if any, to request alteration of a PSR after sentencing. Courts in this district have concluded that Section

---

[1] The Court's review indicates that Holland has already raised objections about alleged inaccuracies in the PSR in a Section 2255 motion, many of which overlap with those he attempts to raise here, and that the sentencing court considered and addressed these issues on the merits. *See* No. 1:01-cr-00195-JKM, Doc. 360 at 8-12 (M.D. Pa. Dec. 7, 2005). The fact that these arguments were unsuccessful does not make Section 2255 "inadequate or ineffective." *See Cradle*, 290 F.3d at 538.

2255 is "the appropriate and exclusive mechanism for seeking federal judicial review to alter or amend [the PSR]." *See Jones v. Quay*, No. 3:21-CV-2120, 2023 WL 4276470, at *2 (M.D. Pa. June 29, 2023); *Mathis v. Baltazar*, No. 1:18-CV-395, 2018 WL 1792221, at *3 (M.D. Pa. Apr. 16, 2018); *see also Carter v. Lane*, No. 1:17-CV-672, 2017 WL 2547314, at *3 (M.D. Pa. June 13, 2017) (a petitioner challenging his PSR "is essentially seeking the correction of sentencing errors, and not the execution of his sentence"). However, in a nonprecedential opinion, the Third Circuit Court of Appeals has suggested that a petitioner could under certain circumstances use Section 2241 to challenge a PSR. *See United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) ("The sole relief [the petitioner] sought was an order amending the PSR to delete the alleged inaccuracies . . . [If the challenged BOP decisions] constitute the execution of his sentence . . . then he may challenge them in a § 2241 habeas petition."). Any such petition would have to "provide sufficient detail to demonstrate that the adverse impacts—caused by alleged inaccuracies in the PSR—constitute the execution of [the] sentence." *See United States v. Moore*, No. 23-CR-293 (EP), 2026 WL 1146181, at *2 (D.N.J. Apr. 28, 2026) (quotation and citations omitted).

In this case, Holland objects to various actions that the BOP has taken based on the disputed PSR, but he does not allege that the BOP's conduct is inconsistent with the sentencing judgment. Even assuming Section 2241 was available to Holland for this purpose, the consequences he alleges do not affect the execution of his sentence, as that term is defined in this context. Prisoners have no constitutional right to a particular custody classification or security level; such claims do not implicate the fact, duration, or execution of a sentence and thus are not cognizable under Section 2241. *See Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009); *Ruff v. Warden FCI Schuylkill*, No. 1:20-CV-851, 2020 WL 2839092, at *2 (M.D. Pa.

June 1, 2020) (listing cases). Similarly, Holland's lack of access to the Residential Drug Abuse Program ("RDAP") and other unspecified programming[2] does not affect the duration or execution of his sentence. *See Harvey v. Warden/Superintendent of USP Canaan*, No. 1:21-CV-02150, 2022 WL 2292006, at *4 (M.D. Pa. June 24, 2022) ("[D]istrict courts lack jurisdiction to entertain § 2241 habeas petitions challenging the BOP's individualized RDAP decisions."); *Player v. United States*, No. 19-CV-12141 (NLH), 2020 WL 3118730, at *2 (D.N.J. June 12, 2020) ("The BOP's reliance on the information contained within Petitioner's PSR for programming eligibility does not affect the execution of his legally imposed sentence.").

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for writ of *habeas corpus* for lack of jurisdiction. An appropriate order follows.

**Dated: May 26, 2026**                        *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **United States District Judge**

---

[2] The Court does not construe Holland's reference to "First Step Act programs" (Doc. 2 at 4) as an argument that he would be entitled to earned time credits. Regardless, the petition lacks sufficient detail to sustain such a claim under Section 2241, *see Moore*, 2026 WL 1146181, at *2, and the record indicates that Holland has not exhausted administrative remedies for any such request. *See* (Doc. 1-1); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996) ("We require exhaustion . . . [because] allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review").